Filed 7/22/13

CERTIFIED FOR PARTIAL PUBLICATION[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C066730 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F08618) |
| v. | |
| EDWARD DALE MESTAS, | |
| Defendant and Appellant. | |

        APPEAL from a judgment of the Superior Court of Sacramento County, Delbert W. Oros, Judge.  Affirmed.

        Ken Moyal for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Stephen G. Herndon and Alice Su, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*]  Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts II and III.

Convicted of molesting his girlfriend's young sisters and sentenced to state prison for an indeterminate term of 75 years to life, defendant Edward Dale Mestas appeals. He contends: (1) the trial court abused its discretion by refusing to hold an evidentiary hearing on some of the proffered evidence of the victims' sexual history and (2) his trial counsel was constitutionally deficient for not investigating further the victims' sexual history. We conclude: (1) the trial court did not abuse its discretion by refusing to hold an evidentiary hearing on some of the proffered evidence of the victims' sexual history because the alleged conduct was not sufficiently similar to the conduct charged in this case and, therefore, was not highly probative of the victims' credibility in this case and (2) the defendant's assertion that his counsel was constitutionally deficient fails because it is based on speculation concerning what further investigation may have revealed. Finding no error, we affirm.[1]

FACTS AND PROCEDURE

In early 2009, six-year-old T.M. and seven-year-old J.M. lived with their mother, their 20-year-old sister T.P., and the defendant (who was T.P.'s boyfriend), as well as others, in Sacramento. While they lived together, the defendant molested T.M. and J.M.

On different occasions, the defendant masturbated in front of T.M., penetrated her anus with his penis, forced T.M. to orally copulate him more than once, pressed his penis against T.M.'s lips when she refused to open her mouth, and rubbed his penis on her back.

The defendant also masturbated in front of J.M. and forced her to orally copulate him.

---

[1]    In the unpublished portion of this opinion, we conclude the prosecutor did not commit misconduct and there was no prejudice from cumulative error.

The contentions raised on appeal -- and our resolution of those contentions -- do not require us to recount at length how the molestations came to light.[2]  However, we note that the defendant denied molesting T.M. and J.M.  He caught them watching pornographic videos.  And he claimed that T.M. and J.M. accused him of the molestations after he had mistreated the family's dog.

A jury convicted the defendant of committing two counts each of:

- a lewd act by force or fear on T.M. (Pen. Code, § 288, subd. (b)(1); counts one and five) and

- oral copulation of T.M. (Pen. Code, § 288.7, subd. (b); counts three and four),

    The jury also convicted the defendant of committing one count of:

- oral copulation of J.M. (Pen. Code, § 288.7, subd. (b); count seven).

Finally, the jury found true the special allegation that the defendant committed lewd acts on more than one child under 14.  (Pen. Code, § 667.61, subd. (e)(4).)

The trial court sentenced the defendant to five consecutive terms of 15 years to life, for a total state prison sentence of 75 years to life.

DISCUSSION

I

*Victims' Sexual History*

The defendant contends the trial court abused its discretion and violated his constitutional fair trial rights by excluding evidence of the victims' sexual history.  He also contends that trial counsel was constitutionally deficient for failing to investigate the allegations of the victims' sexual history.  These contentions are without merit.

---

[2]    The defendant does not recount the facts of the molestations or the investigation in his opening brief.

3

A.      *Evidence Code section 782*

Generally, a defendant may not question a witness who claims to be the victim of sexual assault about the victim's prior sexual activity.  (Evid. Code, § 1103, subd. (c)(1); *People v. Woodward* (2004) 116 Cal.App.4th 821, 831.)  Evidence Code section 782, however, provides an exception to this general rule.[3]  (See generally *People v. Bautista*

---

[3]      Evidence Code section 782, subdivision (a) provides:

"[I]f evidence of sexual conduct of the complaining witness is offered to attack the credibility of the complaining witness under Section 780, the following procedure shall be followed:

"(1) A written motion shall be made by the defendant to the court and prosecutor stating that the defense has an offer of proof of the relevancy of evidence of the sexual conduct of the complaining witness proposed to be presented and its relevancy in attacking the credibility of the complaining witness.

"(2) The written motion shall be accompanied by an affidavit in which the offer of proof shall be stated.  The affidavit shall be filed under seal and only unsealed by the court to determine if the offer of proof is sufficient to order a hearing pursuant to paragraph (3). After that determination, the affidavit shall be resealed by the court.

"(3) If the court finds that the offer of proof is sufficient, the court shall order a hearing out of the presence of the jury, if any, and at the hearing allow the questioning of the complaining witness regarding the offer of proof made by the defendant.

"(4) At the conclusion of the hearing, if the court finds that evidence proposed to be offered by the defendant regarding the sexual conduct of the complaining witness is relevant pursuant to Section 780, and is not inadmissible pursuant to Section 352, the court may make an order stating what evidence may be introduced by the defendant, and the nature of the questions to be permitted.  The defendant may then offer evidence pursuant to the order of the court.

"(5) An affidavit resealed by the court pursuant to paragraph (2) shall remain sealed, unless the defendant raises an issue on appeal or collateral review relating to the offer of proof contained in the sealed document.  If the defendant raises that issue on appeal, the court shall allow the Attorney General and appellate counsel for the defendant access to the sealed affidavit.  If the issue is raised on collateral review, the court shall allow the district attorney and defendant's counsel access to the sealed affidavit.  The use

4

(2008) 163 Cal.App.4th 762, 781-782; *People v. Chandler* (1997) 56 Cal.App.4th 703, 707-708; *People v. Daggett* (1990) 225 Cal.App.3d 751, 757 (*Daggett*).)

Evidence Code section 782 requires a defendant seeking to introduce evidence of the witness's prior sexual conduct to file a written motion accompanied by an affidavit containing an offer of proof concerning the relevance of the proffered evidence to attack the credibility of the victim. (Evid. Code, § 782, subd. (a)(1), (2); *Daggett, supra,* 225 Cal.App.3d at p. 757.) The trial court is vested with broad discretion to weigh a defendant's proffered evidence, prior to its submission to the jury, "and to resolve the conflicting interests of the complaining witness and the defendant." (*People v. Rioz* (1984) 161 Cal.App.3d 905, 916.) "[T]he trial court need not even hold a hearing unless it first determines that the defendant's sworn offer of proof is sufficient." (*Ibid*.; see Evid. Code, § 782, subd. (a)(2).)

If the offer of proof is sufficient, the court must conduct a hearing outside the presence of the jury and allow defense counsel to question the complaining witness regarding the offer of proof. (Evid. Code, § 782, subd. (a)(3); *People v. Fontana* (2010) 49 Cal.4th 351, 365-368.) "The defense may offer evidence of the victim's sexual conduct to attack the victim's credibility if the trial judge concludes following the hearing that the prejudicial and other effects enumerated in . . . Evidence Code section 352 are substantially outweighed by the probative value of the impeaching evidence." (*People v. Chandler, supra,* 56 Cal.App.4th at p. 708; see Evid. Code, § 782, subd. (a)(4).)

Evidence Code section 782 applies when the defense seeks to introduce relevant evidence of prior sexual conduct by a child. (*Daggett, supra*, 225 Cal.App.3d at p. 757.) In *Daggett*, the defendant was convicted of molesting a child under the age of 14. (*Id.* at p. 754.) On appeal, he successfully challenged the trial court's refusal to hold a hearing

---

of the information contained in the affidavit shall be limited solely to the pending proceeding."

5

pursuant to Evidence Code section 782 on the admissibility of evidence that the child had been previously molested by two older children.  (*Id.* at p. 757.)  The defendant's offer of proof consisted of evidence that the child had told a mental health worker and a doctor who had examined him that he had been molested by two older children when he was five years old.  (*Ibid.*)

The *Daggett* court discussed the relevance of a molest victim's sexual history:  "A child's testimony in a molestation case involving oral copulation and sodomy can be given an aura of veracity by his accurate description of the acts.  This is because knowledge of such acts may be unexpected in a child who had not been subjected to them.  [¶]  In such a case it is relevant for the defendant to show that the complaining witness had been subjected to similar acts by others in order to cast doubt upon the conclusion that the child must have learned of these acts through the defendant.  Thus, if the acts involved in the prior molestation are similar to the acts of which the defendant stands accused, evidence of the prior molestation is relevant to the credibility of the complaining witness and should be admitted."  (*Daggett, supra*, 225 Cal.App.3d at p. 757.)

B.     *Background*

The defendant filed a motion, pursuant to Evidence Code section 782, to admit evidence of the victims' sexual history.  The motion stated:  "[T]here has been documented suspicion and complaints by at least one of the minor victims, to wit, [T.M.], of a prior molestation.  In addition, Defendant expects to introduce evidence of both minors hav[ing] access to and viewing pornographic movies prior to the allegations involving Defendant."

Counsel for the defendant filed a declaration supporting the Evidence Code section 782 motion, detailing information she had received.

Concerning J.M., the declaration stated that (1) when she was three years old and in foster care the boys in the home removed her shirt and underwear, kissed her on the

6

lips, and touched her "private area"; (2) apparently about the same time she was cut with a knife in her private area; and (3) when she was five years old a foster mother caught her masturbating with a toothbrush.

Concerning T.M., the declaration stated that (1) when she was three years old she reported being molested in foster care in Kansas, but the specifics were "sketchy and unconfirmed"; (2) when she was four years old a foster mother observed her " 'humping her younger brother and wanting to get under the covers' "; and (3) when she was five years old her foster mother caught her masturbating and telling J.M. to " 'smell this.' "

As to both victims, the declaration stated that the victims were caught twice in 2009, when they were six and seven years old, watching pornographic movies.

The trial court considered the declaration and made the following rulings with respect to whether a hearing would be held on each of the seven allegations of sexual history contained in defense counsel's declaration:

1. The removing of J.M.'s shirt and underwear was not relevant because it was not necessarily sexual conduct; the kissing incident was not relevant because no similar conduct was charged in this case; and the touching of the private area was sufficiently relevant to be addressed at an evidentiary hearing.

2. J.M.'s being cut in the private area was relevant and could be explored in the evidentiary hearing.

3. J.M.'s masturbation with a toothbrush was also relevant and could be explored in the evidentiary hearing.

4. The report of molestation of T.M. in Kansas, which the trial court understood involved some kind of "gentle rubbing," was too vague to permit proper Evidence Code section 782 analysis.

5. T.M.'s "humping" her brother and trying to get under the covers with him was not relevant, even though it was sexualized conduct, because it was not similar to the facts of this case.

7

6.    T.M.'s masturbation and telling her sister to "smell this" were not relevant because there was no similar conduct alleged in this case.

7.    As to the pornographic movies, the court found that there was insufficient specificity concerning the content of the movies to determine whether the depictions were sufficiently similar to the facts of this case.

In summary, the trial court decided that the evidentiary hearing would explore only three of the allegations of sexual history, all involving J.M.:  (1) the touching of J.M.'s private area by boys in a foster home; (2) the cut in J.M.'s private area; and (3) J.M.'s masturbation with a toothbrush.

At the evidentiary hearing, J.M., who was eight years old at the time of trial, testified that she did not remember any of these alleged incidents from when she was very young, as young as three years old.  Based on that testimony, the court stated that it could not admit the evidence but that it was willing to hold a further evidentiary hearing if the defense found evidence -- from the foster mothers, for example -- of what happened to J.M. when she was younger.

Two days later, the court clarified that it was excluding the proffered evidence of J.M.'s sexual history under Evidence Code section 782, subject to admission under some other theory such as proof of prior injury, because J.M. did not remember the incidents and, therefore, they could not provide her with knowledge of sexual matters.  The court added that it would have excluded the evidence under Evidence Code section 352, in any event.

C.    *Analysis*

The defendant contends that the trial court abused its discretion by determining that three of the incidents recounted in defense counsel's declaration were not sufficiently similar to the facts of this case to require an evidentiary hearing.  He also contends that exclusion of this evidence violated his right to a fair trial.  Those incidents were:  (1) the boys in the foster care home removing J.M.'s shirt and underwear when she was three

8

years old; (2) the Kansas report that T.M. was molested when she was three years old; and (3) T.M.'s masturbating when she was five years old.

We first conclude that exclusion of the evidence of a victim's sexual history does not deny the defendant a fair trial. There is no fair trial problem with exclusion of all such evidence under Evidence Code section 1103. "That limited exclusion no more deprives a defendant of a fair trial than do the rules of evidence barring hearsay, opinion evidence, and privileged communications." (*People v. Blackburn* (1976) 56 Cal.App.3d 685, 690.) Therefore, because the trial court may properly exclude all such evidence without violating a defendant's fair trial rights, there is no merit in the argument that not admitting some of the evidence under Evidence Code section 782 deprives the defendant of a fair trial.

We next conclude that the trial court did not abuse its discretion by refusing to hold an evidentiary hearing on the proffered evidence. The alleged conduct was not sufficiently similar to the conduct charged in this case and therefore was not sufficiently probative of the victims' credibility to require an evidentiary hearing.

The allegation that boys in the foster care home removed J.M.'s shirt and underwear when she was three years old was not probative of J.M.'s credibility in this case. There is no allegation that she learned something from that incident that would inform the jury that some of J.M.'s testimony in this case may be false.

Likewise, the Kansas report that T.M. was molested when she was three years old is not probative of her credibility. As defense counsel said in her declaration, the details of the molestation were "sketchy and unconfirmed." The purpose of an Evidence Code section 782 hearing is to establish the truth and probative value of the offer of proof, not to allow a fishing expedition based on sketchy and unconfirmed allegations.

The defendant's only argument that the court should have allowed an evidentiary hearing on the allegation of T.M.'s masturbation is that the court allowed an evidentiary hearing concerning the similar allegation that J.M. also masturbated. There is no logic to

9

this because the probative value of each incident must stand on its own. In other words, that J.M.'s masturbation may have been probative does not establish that T.M.'s masturbation, at a different time and age and under different circumstances, was probative.

In any event, the trial court did not abuse its discretion by refusing to hold an evidentiary hearing on the allegation that T.M. masturbated when she was five years old and told J.M. to "smell this." Even if the trial court found the allegation true after a hearing, the evidence would have been excluded under Evidence Code section 352 because it had very little probative value with respect to T.M.'s credibility. The allegations against defendant were not similar or related to T.M.'s alleged masturbation.

The trial court did not abuse its discretion by refusing to hold an evidentiary hearing on these three allegations.

D.      *Effective Assistance of Counsel*

The defendant further contends that trial counsel's representation was constitutionally deficient because she failed to investigate the facts that related to the Evidence Code section 782 offer of proof. This contention fails because there is no basis for concluding any such deficient representation prejudiced the defendant.

To demonstrate ineffective assistance of counsel, a defendant must show two things: deficient representation and prejudice resulting from the deficient representation. The standard for prejudice is whether there is a reasonable probability the defendant would have obtained a better result absent the deficiency. (*People v. Avena* (1996) 13 Cal.4th 394, 418; *Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694 [80 L.Ed.2d 674, 693-694, 697-698].) If there is no showing of prejudice, we need not examine counsel's performance. (*Strickland v. Washington, supra,* at p. 697.)

Here, there is no showing of prejudice. He asserts that, if trial counsel had been more diligent, "more information regarding the complaining witnesses['] past sexual knowledge and conduct would have come before the jury." This is mere speculation. It

10

assumes that, if trial counsel had done more investigation, she would have discovered facts that the trial court would have found admissible.  It further assumes that such unknown facts would have been of a nature to undermine the jury's confidence in the victims' testimony.  We will not assume there are such facts or that the trial court would have exercised its discretion to admit such unknown facts.  Therefore, the defendant has failed to establish that he would have obtained a better result absent trial counsel's alleged deficiency.

The defendant's ineffective assistance of counsel argument is without merit.

## II

### *Alleged Prosecutorial Misconduct*

The defendant claims that the prosecutor made three statements during closing argument that violated his due process and confrontation rights.  Those statements were:

1. "What about [T.M.] and [J.M.][?]  [D]o they have anything to gain by sitting here telling you about their first sexual experience in their life with that man?"

2. "Now, imagine that [you're] seven years old and you are not talking about your last sexual experience.  You are talking about your very first with a grown man . . . ."

3. "These girls have lost a lot.  They've lost their virginity, lost probably self respect."

The defendant forfeited his argument that these statements constituted prejudicial misconduct because he failed to make a timely objection to any of them or to ask for a jury instruction that the statements should be disregarded.  In any event, they were not prejudicial.

A.    Law Concerning Prosecutor's Conduct

"The standards governing review of misconduct claims are settled.  'A prosecutor who uses deceptive or reprehensible methods to persuade the jury commits misconduct, and such actions require reversal under the federal Constitution when they infect the trial

11

with such " 'unfairness as to make the resulting conviction a denial of due process.' " [Citations.] Under state law, a prosecutor who uses such methods commits misconduct even when those actions do not result in a fundamentally unfair trial.' [Citation.]" (*People v. Friend* (2009) 47 Cal.4th 1, 29 (*Friend*).)

" 'A defendant may not complain on appeal of prosecutorial misconduct unless in a timely fashion, and on the same ground, the defendant objected to the action and also requested that the jury be admonished to disregard the perceived impropriety.' [Citation.]" (*People v. Lopez* (2008) 42 Cal.4th 960, 966; see *Friend, supra*, 47 Cal.4th at p. 29.) Where, as here, counsel did not object at trial to alleged prosecutorial misconduct, the defendant may argue on appeal that counsel's inaction violated his constitutional right to effective assistance of counsel. (*People v. Lopez, supra*, 42 Cal.4th at p. 966.) Therefore, we address the merits of the defendant's claim despite the lack of an objection below. However, if the prosecutor's comments were not improper, there was no basis for an objection by trial counsel and the claim of ineffective assistance of counsel fails. (*Id*. at p. 968.)

" 'To prevail on a claim of prosecutorial misconduct based on remarks to the jury, the defendant must show a reasonable likelihood the jury understood or applied the complained-of comments in an improper or erroneous manner.' [Citation.]" (*People v. Wilson* (2005) 36 Cal.4th 309, 337.) " '[W]e "do not lightly infer" that the jury drew the most damaging rather than the least damaging meaning from the prosecutor's statements. [Citation.]' [Citation.]" (*Id*. at p. 338.) "A prosecutor is given wide latitude during closing argument. The argument may be vigorous as long as it is a fair comment on the evidence, which can include reasonable inferences or deductions to be drawn therefrom." (*People v. Harrison* (2005) 35 Cal.4th 208, 244.) Further, although a defendant may single out certain comments made by the prosecutor during argument in order to demonstrate misconduct, as the reviewing court we "must view the statements in the context of the argument as a whole." (*People v. Cole* (2004) 33 Cal.4th 1158, 1203.)

B.     Analysis

As noted, the defendant, by failing to object, forfeited his argument that the prosecutor's comments constituted misconduct.  However, he also claims trial counsel was constitutionally deficient for failing to object.  Therefore, we consider whether the comments were prejudicial.  We conclude that they were not.

The defendant made the same arguments concerning the prosecutor's comments in a motion for new trial.  The trial court, which of course observed the trial, denied the motion.  The court's analysis of the prosecutor's comments is instructive.  Therefore, we will quote the trial court's ruling and then consider each of the defendant's arguments.

1.     Comment About First Sexual Experience

The trial court stated:

"The comment was alleged to have been a misstatement of fact because the victims were known to have had sexual experiences with others before their contact with the defendant.  [¶]  In fact, the statement made by the prosecutor is true because there was no concrete evidence to suggest that either victim had engaged in any sexual contact with the third person before the defendant.  And, although, vague references to CPS records alluded to possible sexual contact or sexualized behavior, there was absolutely no evidence presented to confirm those allegations."

Apparently ignoring the trial court's ruling about this statement, the defendant states on appeal:  "[T]his statement was highly misleading and inflammatory.  In addition, the prosecutor knew the statement to be untrue."  (Boldface type omitted.)  As the trial court noted, however, there was no concrete evidence to support the prior-sexual-contact allegations.  Accordingly, the defendant's argument is without merit.

2.     Comment About First Sexual Experience with a Grown Man

The trial court stated:

"The statement is simply designed to acquaint the jury with the stress the victims were under when asked to describe matters of a sexual nature to a jury of strangers.  [¶]

13

The preceding paragraph has -- and I'm referring to the transcript -- has the district attorney telling the jury [a] 'story' from a recent training designed to illustrate that very point. The quoted sentence was simply the last line of the [prosecutor's] comments addressing the point that child sexual victims are put under significant and considerable stress in testifying in a courtroom before strangers."

On appeal, the defendant argues that the prosecutor: (1) impermissibly asked the jurors to put themselves in the victims' position and (2) knowingly made a false statement of fact concerning this being the victims' first sexual experience. We have already addressed the second argument (it was not a misstatement of fact, based on the evidence), and the first argument is likewise without merit.

The defendant cites two cases from other jurisdictions for the proposition that the prosecutor should not ask the jurors to put themselves in the place of the victim. (See *Mills v. United States* (D.C. 1991) 599 A.2d 775, 787 [misconduct, though harmless, for prosecutor to invite jury to think of victim's suffering]; *Settles v. United States* (D.C. 1992) 615 A.2d 1105, 1113 [misconduct, though harmless, to invite the jury to consider victim's promising future].) We need not attempt to apply these foreign cases, which found the misconduct harmless and do not bind us in any event, to this case because, under the California standard, this statement did not result in a fundamentally unfair trial or involve deceptive or reprehensible tactics. (*Friend, supra,* 47 Cal.4th at p. 29.) In context, it was innocuous.

3.      Comment About Loss of Their Virginity

The court stated:

"It's argued that the statement is false because it was contradicted by the girls' own testimony. It's unclear if the statement was meant to be taken literally [or] simply figuratively. If the former, then the defense is correct, it was not necessarily supported by the actual evidence. [¶] However, the Court has taken the comment to be at best

14

figurative in that the defendant robbed the victims of a sense of purity or innocence through his actions.  That fact was proven true leaving the analogy to be harmless."

On appeal, the defendant complains that the prosecutor's comment was a misstatement of fact.  This argument is frivolous.  As the trial court noted, the comment as a figurative reference to what was done to the victims was supported.  It was within the latitude granted the prosecutor in argument and was neither deceptive nor reprehensible.  (See *People v. Thomas* (2012) 53 Cal.4th 771, 822 [prosecutor given wide latitude in argument].)

Because the prosecutor's comments were unobjectionable or harmless, the performance of the defendant's trial counsel was not constitutionally deficient for not objecting.

III

*Alleged Cumulative Error*

The defendant contends that the errors he complains of on appeal cumulatively require reversal.  Since we have found no error, we need not consider whether the cumulative effect of such asserted errors requires reversal.

DISPOSITION

The judgment is affirmed.

      NICHOLSON    , Acting P. J.

We concur:

      MAURO      , J.

      MURRAY     , J.

15