Filed 12/4/13  P. v. McGuire CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JACKSON SULLIVAN MCGUIRE,<br><br>    Defendant and Appellant. | 2d Crim. No. B237840<br>(Super. Ct. No. F435569)<br>(San Luis Obispo County) |

Jackson Sullivan McGuire was charged with three counts of lewd acts upon Savannah Doe, a child, in violation of Penal Code section 288 subdivision (a). Two of those counts specially allege that McGuire had substantial sexual contact with a child under the age of 14 years.  A jury returned verdicts of guilty on all counts and found true the special allegation.

We conclude that the trial court did not abuse its discretion by denying McGuire's motion to admit evidence that Savannah had been previously molested, at the age of seven, by another man.  Nor do we find instructional error or prosecutorial misconduct.  We affirm.

FACTS

At the times of the alleged misconduct, McGuire was married to Renee, the sister of Savannah's stepfather. Savannah often visited McGuire and Renee at their home in Oceanside and at McGuire's grandmother's house in Cambria. When Savannah was nine or ten years old, she stayed the night with McGuire and Renee at their Oceanside condo. After Renee had gone to bed, McGuire pulled Savannah to him, kissed her on the lips, pulled up the slip she was wearing as a nightgown and touched her breasts. McGuire then laid Savannah down, took off her underwear, and put his tongue in her vagina.

When Savannah was 12 or 13 years old, McGuire and Renee visited McGuire's grandmother and other family, including Savannah, in Cambria. Savannah spent the night in the same room with McGuire and Renee, sleeping on the floor next to McGuire's side of the bed. After Renee had fallen asleep, McGuire put his hand down Savannah's pajama bottoms and inserted his finger into her vagina.

McGuire moved, pursuant to Evidence Code section 782,[1] to introduce evidence that Savannah had reported to a forensic examiner, Tracy Nix, that someone had touched her inappropriately when she was seven years old. The trial court denied the motion.

*Events at trial*

1. One of the prosecutor's questions to the jury venire suggested that the trial might reveal only one side of the story. McGuire's counsel objected that the question was a "comment on [his] client's right to plead not guilty [and to] deny every single fact that's alleged against him." The trial court overruled the objection. The next day, however, the court proposed a curative instruction: "Yesterday the prosecutor said that this case may only have one side. It is improper for an attorney to give a personal opinion about a case. You are informed that there will be a

_____

[1] All statutory references are to the Evidence Code unless stated otherwise.

2

defense case presented to you during this trial." McGuire's counsel responded: "I'm okay with that, your Honor. In that context, yes, I think that's an appropriate admonition." The court gave the instruction the court and counsel had agreed upon.

2. In closing argument, the prosecutor made the following comment: "When you go back in [] the jury room, I can easily guarantee there is one thing you're not going to talk about, and that's your first sexual experience." McGuire's counsel objected to the insinuation that Savannah's first encounter with McGuire was her first sexual experience when the prosecutor knew there was contrary evidence that had not been admitted. McGuire's counsel recommended that the trial court "remind the jury that argument is precisely that, it's argument" and that "evidence [is] not what the attorneys [say]. Evidence is what you ultimately decide [it is]." The trial court "by agreement of counsel" read substantially the same instruction to the jury.

3. During the trial, McGuire attempted to place in evidence several posts from Savannah's Facebook page. The trial court sustained the prosecutor's hearsay objections and none of the posts were admitted, although a witness was allowed to testify about one of them. In closing argument, McGuire referred to that testimony. In response, the prosecutor observed that there were probably other posts that had not been presented to the jury. McGuire's counsel objected. The trial court sustained the objection and McGuire's counsel asked for a curative instruction. The trial court read to counsel its proposed admonition. When asked if he had any objection, McGuire's counsel responded: "I think that's an appropriate curative admonition . . . . I do believe that kind of curative admonition heals the wound, so to speak." The trial court gave the instruction.

## DISCUSSION

### Denial of section 782 motion

McGuire contends that the trial court abused its discretion and denied McGuire his right to due process and a fair trial when it denied his section 782 motion to introduce evidence of Savannah's prior sexual conduct. McGuire's

3

section 782 motion was based solely on *People v. Daggett* (1990) 225 Cal.App.3d 751 (*Daggett*), in which we held that a child witness's earlier experience of molestation may be relevant to the child's ability to describe sexual acts with which a child would not normally be familiar. (*Id.* at p. 757.) The trial court denied the motion because Savannah was not a child when she testified at trial, but an 18-year-old adult.

Although section 1103, subdivision (c) generally precludes admission of a complaining witness's past sexual conduct, such evidence may be admissible when offered to attack the credibility of the complaining witness and when presented as required by section 782: "A written motion must be made which includes an offer of proof of the relevancy of the evidence of sexual conduct and its relevancy in attacking the credibility of the complaining witness." (*Daggett*, *supra*, 225 Cal.App.3d at p. 757, citing § 782, subd. (a)(1), (2).) If the court finds that the offer of proof is sufficient, the court shall order a hearing out of the presence of the jury and at the hearing allow the questioning of the complaining witness regarding the defendant's offer of proof. (§ 782, subd. (a)(3).) If the court finds that the evidence is relevant under section 780 and is not inadmissible under section 352, then it may permit the evidence to be introduced. (§ 782 subd. (a)(4).) "Great care must be taken to insure that this exception to the general rule barring evidence of a complaining witness' prior sexual conduct . . . does not impermissibly encroach upon the rule itself and become a 'back door' for admitting otherwise inadmissible evidence." (*People v. Rioz* (1984) 161 Cal.App.3d 905, 918-919.)

Like McGuire, Daggett was charged with committing lewd acts upon a minor, specifically, oral copulation and sodomy. Daggett moved under section 782 to introduce evidence of the complaining witness's past sexual conduct, specifically, that he had been molested at age five by two older children. The trial court denied the motion and the Court of Appeal reversed, holding that a child victim's testimony in a molestation case can be given an "aura of veracity" by his accurate description of sex acts: "This is because knowledge of such acts may be

unexpected in a child who had not been subjected to them. In such a case it is relevant for the defendant to show that the complaining witness had been subjected to similar acts by others in order to cast doubt upon the conclusion that the child must have learned of these acts through the defendant." (*Daggett*, *supra*, 225 Cal.App.3d at p. 757.)[2]

*Daggett* created a narrow exception to the rape shield law. It is applicable only in child abuse cases when the complaining witness is still a child at the time of trial and when the prosecution is using the complaining witness's tender age and presumed innocence to show that the child could only have known about the sexual acts complained of because of the defendant's abuse. Neither circumstance is shown here. The "aura of veracity" that attached to the child witness in *Daggett* does not encompass 18-year-old Savannah, whose awareness of digital penetration would not be "unexpected." Moreover, the prosecution did not theorize that Savannah could only have learned about digital penetration through her experience with McGuire. Evidence of Savannah's exposure to such acts as a seven-year-old thus would not be relevant to cast doubt on such a theory. Accordingly, the trial court did not abuse its discretion by denying McGuire's section 782 motion.

McGuire also contends that the evidence of Savannah's prior sexual experience was relevant to prove that Savannah "was confusing the two incidents and to impeach her memory with the prior allegation of molestation." McGuire apparently contends that this "confusion" theory was encompassed by his *Daggett* motion. It was not. McGuire's confusion theory is different from the "knowledge" theory recognized in *Daggett*. Because the confusion theory was not presented to the trial court in a section 782 motion, the trial court had no opportunity to evaluate McGuire's offer of proof and to determine whether the evidence was admissible

_____

[2] Although *Daggett* does not specify the age of the complaining witness at the time of trial, the description and timing of the events described permits a reasonable inference that he was 12 or 13. (*Id.* at p. 754.)

under section 352. "Given the significant and otherwise prohibited intrusion into the prior sexual history of the complaining witness in a sexual assault case countenanced by . . . section 782, the trial court should insist upon strict compliance with the statutory requirements." (*People v. Rioz*, *supra*, 161 Cal.App.3d at p. 918, fn. 5.) The trial court did not abuse its discretion by not reading into McGuire's *Daggett* motion a theory of relevancy not advanced in that motion.

McGuire's contention that excluding evidence of Savannah's prior sexual conduct violated his federal constitutional rights to a fair trial is meritless. As we have explained, there was no error in the trial court's denial of McGuire's section 782 motion and accordingly no violation of any right. In any event, exclusion of evidence of a victim's sexual history does not deny the defendant a fair trial: "There is no fair trial problem with exclusion of all such evidence under . . . section 1103. 'That limited exclusion no more deprives a defendant of a fair trial than do the rules of evidence barring hearsay, opinion evidence, and privileged communications.' [Citation.] Therefore, because the trial court may properly exclude all such evidence without violating a defendant's fair trial rights, there is no merit in the argument that not admitting some of the evidence under . . . section 782 deprives the defendant of a fair trial." (*People v. Mestas* (2013) 217 Cal.App.4th 1509, 1517.)

The trial court's denial of McGuire's section 782 motion did not violate his rights under either California or federal law.

*Lesser included offense – battery*

McGuire contends that the trial court erred in failing to instruct the jury on battery as a lesser included offense on count 1 and thus violated his federal constitutional rights.[3] "Under California law, a lesser offense is necessarily

---

[3] Whether battery is a lesser included offense of lewd acts on a child is an issue currently pending before the California Supreme Court in *People v. Gray* (2011) 199 Cal.App.4th 167, review granted Dec. 14, 2011, S197749 and *People v. Shockley* (2011) 190 Cal.App.4th 896, review granted March 16, 2011, S189462.

included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser. [Citation.]" (*People v. Breverman* (1998) 19 Cal.4th 142,154, fn. 5.) Battery is not a lesser included offense to a violation of Penal Code section 288 because a defendant may violate that section without committing a battery.

Penal Code section 288, subdivision (a) provides that "any person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony . . . ." Penal Code Section 242 defines a battery as, "any willful and unlawful use of force or violence upon the person of another." The slightest touching can constitute a violation of Penal Code section 242 as long as the victim incurs unreasonable harm or offense. (*People v. Myers* (1998) 61 Cal.App.4th 328, 335.)

Battery is not a lesser included offense of lewd acts upon a child because the greater offense focuses on the perpetrator's lewd intent; use of force is not an element of the crime. In addition, consent may be a defense to a battery (*People v. Samuels* (1967) 250 Cal.App.2d 501, 513), but is never a defense to Penal Code section 288, subdivision (a). (*People v. Soto* (2011) 51 Cal.4th 229, 247.) Accordingly, the trial court did not have a sua sponte obligation to instruct the jury that battery was a lesser included offense to lewd acts upon a child.

A trial court is not required to instruct the jury on a lesser included offense unless there is substantial evidence from which the jury could conclude that the defendant was guilty of the lesser included offense, but not the charged offense. (*People v. Barton* (1995) 12 Cal.4th 186, 201.) There was no substantial evidence to support a finding that McGuire simply battered Savannah, with no sexual intent. Given the evidence of unmistakably sexual touching, the jury could not reasonably

7

have concluded that McGuire merely battered Savannah without lewd intent. Accordingly, even if battery were a lesser included offense of lewd acts upon a child in the abstract, there was no basis for instructing the jury on it.

McGuire's federal constitutional claim is also unavailing. The failure to instruct sua sponte on a lesser included offense in a noncapital case is, at most, only an error of California law, and is thus subject only to state standards of reversibility. (*People v. Breverman*, *supra,* 19 Cal.4th at p. 178.)

*Prosecutorial misconduct*

McGuire cites three instances of prosecutorial misconduct during the trial: (1) the suggestion during voir dire that there would be only one side to the case; (2) the insinuation that McGuire's sexual acts with Savannah were her first sexual experience; and (3) the reference to posts on Savannah's Facebook site that were not in evidence.

All three statements by the prosecutor were improper. The prosecutor plainly knew that McGuire intended to put on a defense as he had pled not guilty and subpoenaed witnesses. The other two statements were intended to capitalize unfairly on the trial court's rulings: its denial of McGuire's section 782 motion and its refusal to admit, over McGuire's objections, other posts from Savannah's Facebook page. All three statements were thus attempts to persuade the jury by deceptive methods and constituted prosecutorial misconduct. (*People v. Espinoza* (1992) 3 Cal.4th 806, 820.) However, the misconduct does not require reversal. In each case McGuire either requested or agreed to a curative admonition and in each case the court granted his request. "[A] timely admonition from the court generally cures any harm. [Citation.]" (*People v. Pigage* (2003) 112 Cal.App.4th 1359, 1375.) Because McGuire agreed to the admonitions, and in two instances requested them, any error committed by the trial court was invited. "A court [cannot] be asked by counsel to take a step in a case and later be convicted of error, because it has complied with such request . . . ." (*Shields v. United States* (1927) 273 U.S. 583, 586.)

8

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


O'DONNELL, J.[*]


We concur:


GILBERT, P. J.


PERREN, J.

---

[*](Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to art. 6, § 6 of the Cal. Const.)

Barry T. LaBarbera, Judge
Teresa Estrada-Mullaney, Judge[*]
John A. Trice, Judge

Superior Court County of San Luis Obispo
_____


      Jennifer A. Mannix, under appointment by the Court of Appeal, for Defendant and Appellant.

      Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, J. Michael Lehmann, Deputy Attorney General, for Plaintiff and Respondent.

---

[*] Retired judge of the Superior Court County of San Luis Obispo.