Filed 6/26/24  P. v. Tambini CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099084 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FE013500) |
| v. | |
| JOHN CALVIN TAMBINI, | |
| Defendant and Appellant. | |

A jury found defendant John Calvin Tambini guilty of six counts of committing a lewd and lascivious act on a child under the age of 14 (counts 1, 2, 10, 11, 12, and 13; Pen. Code, § 288, subd. (a))[1] and five counts of committing a lewd and lascivious act on a child under the age of 14 by force, violence, duress, menace, or fear of immediate and

---

[1] Undesignated statutory references are to the Penal Code.

1

unlawful bodily injury (counts 3, 4, 5, 8, and 9; § 288, subd. (b)(1)).[2] The jury found true aggravating factors under California Rules of Court, rule 4.421 and that each count occurred on a separate occasion pursuant to section 667.6.

The trial court sentenced defendant to a total of 68 years in prison.

On appeal, defendant argues: (1) the trial court's exclusion of evidence that two of his victims had been previously sexually abused violated his rights to confront the witnesses against him, to present a defense, and to due process; (2) the trial court abused its discretion under Evidence Code sections 1108 and 352 when it admitted evidence of an uncharged offense; and (3) the trial court abused its discretion in admitting expert testimony regarding child sexual abuse accommodation syndrome (CSAAS) because it should be inadmissible for all purposes.[3] We affirm the judgment.

## I. BACKGROUND

### A.     A. (Counts 1 and 2)

A. was 18 when she testified at trial. She testified that when she was five or six, defendant put his fingers inside her vagina and anus.

### B.     G. (Counts 3, 4, 5, 8, and 9)

G. was 17 when she testified. She testified that she was five years old when defendant first stuck a finger into her vagina. He also made her touch his penis. About a week after he first put a finger in her vagina and made her touch his penis, defendant started grabbing and squeezing her breasts as well.

---

[2] The jury found defendant not guilty of two additional counts of committing a lewd and lascivious act on a child under the age of 14 by force, violence, duress, menace, or fear of immediate and unlawful bodily injury (counts 6 and 7).

[3] We address only those arguments properly raised in defendant's opening brief. (*People v. Baniqued* (2000) 85 Cal.App.4th 13, 29 & fn. 15.)

## C.   L. (Counts 10 through 13)

L. was 16 when she testified.  She testified that defendant put his fingers inside her vagina more than six different times when she was four or five years old.  He also rubbed her butt.

## II.  DISCUSSION

### A.   *Exclusion of Evidence of Prior Sexual Abuse*

Defendant argues the trial court's exclusion of evidence that G. and L. had been previously sexual abused violated his constitutional rights to confront the witnesses against him, to present a defense, and to due process.

#### 1.   *Trial Court Proceedings*

Prior to trial, defendant filed a motion to introduce evidence of sexual conduct of complaining witnesses for the purposes of impeachment under Evidence Code section 782.  In support of the motion, counsel submitted a declaration stating that, in May 2017, G. and L. were victims of an alleged violation of section 314 regarding indecent exposure that was later resolved to a violation of section 647, subdivision (a), regarding disorderly conduct.  They were interviewed by law enforcement and neither disclosed any prior sexual abuse.  L. stated that "she saw the man touching his wiener which made her feel shocked, and she had never seen anything like that before."  The declaration also stated that, in approximately 2019, G. and L. advised their mother that they had been abused by one of their great grandfathers in the previous three years.  The declaration indicated this timeframe was inconsistent with their mother's statement regarding where they lived at the time.  G. alleged the great grandfather "made her do the same kind of stuff as" defendant and that she had sexual intercourse with her great grandfather almost every day.  L. also indicated the great grandfather touched her in the same way defendant had.[4]

_____

[4] At the time, counsel indicated the allegations overlapped in time with the allegations against defendant.

3

The declaration further stated these allegations "were allegedly reported to the police," but there was no record of a report. The declaration stated that G. indicated she did not give a statement to the police because her mother decided not to pursue charges against the great grandfather because he was "too old." L. indicated she did not give a statement to the police because she was scared. The motion argued false statements are admissible and the evidence was also admissible to show the source of the child witnesses' knowledge of the acts they were testifying to.

At the hearing on the motion, defense counsel made additional arguments including the assertion that, with respect to the 2017 incident, G. and L. "were exposed to this gentleman and to the criminal justice system and whatever attention they received from that and whatever special treatment they may have gotten at home as a result of being victims."

The court denied the motion:

"There are a number of issues presented, and I considered them carefully. It's certainly a motion that is not at all frivolous. It's a serious motion. I appreciate that.

"I don't see any evidence at all relative to the proposition that some of this activity may have been motivated by a desire for attention. That's simply a speculative matter without any articulable basis.

"The issue on the difficulty that child witnesses have referencing back to date frames, as I know both counsel appreciate, is not unusual. The truncating of time or the expanding of time is a common event, and it is a fertile field for cross-examination, as I know we [will] be focusing on that in this case.

"But it is not a basis to conclude that then evidence of another offender accusation ought to be admitted into evidence because there may have been inconsistencies or improbabilities in regard to the number of sexual acts within a particular time frame would not, in the Court's judgment, A, be relevant, and, B, to the arguable extent that it has some marginal relevance would not be admissible after a[n Evidence Code section]

4

352 analysis, because in this Court's assessment, it would be time-consuming, it would amount to a trial within a trial, and . . . to the extent it could be said to have any relevance—and, again, I would assert it would be marginal at best, it would be so time-consuming and inimical to the concerns that were raised by the legislature in the passage of [Evidence Code section] 782 and the protections that [Evidence Code section] 782 was intended to confer, that I am going to deny the defense[] motion."

      2.     *Analysis*

Generally, evidence of a complaining witness's prior sexual activity is inadmissible. (Evid. Code, § 1103, subd. (c)(1); *People v. Woodward* (2004) 116 Cal.App.4th 821, 831.) "Evidence Code section 782, however, provides an exception to this general rule." (*People v. Mestas* (2013) 217 Cal.App.4th 1509, 1513.)

"Evidence Code section 782 requires a defendant seeking to introduce evidence of the witness's prior sexual conduct to file a written motion accompanied by an affidavit containing an offer of proof concerning the relevance of the proffered evidence to attack the credibility of the victim. [Citations.] The trial court is vested with broad discretion to weigh a defendant's proffered evidence, prior to its submission to the jury, 'and to resolve the conflicting interests of the complaining witness and the defendant.' [Citation.] '[T]he trial court need not even hold a hearing unless it first determines that the defendant's sworn offer of proof is sufficient.' " (*People v. Mestas, supra*, 217 Cal.App.4th at p. 1514.) "If the offer of proof is sufficient, the court must conduct a hearing outside the presence of the jury and allow defense counsel to question the complaining witness regarding the offer of proof. [Citations.] 'The defense may offer evidence of the victim's sexual conduct to attack the victim's credibility if the trial judge concludes following the hearing that the prejudicial and other effects enumerated in Evidence Code section 352 are substantially outweighed by the probative value of the impeaching evidence.' " (*Ibid.*)

5

"The Legislature's purpose in crafting these limitations is manifest and represents a valid determination that victims of sex-related offenses deserve heightened protection against surprise, harassment, and unnecessary invasions of privacy. [Citations.] By affording victims protection in most instances, these provisions also encourage victims of sex-related offenses to participate in legal proceedings against alleged offenders. [Citations.] Accordingly, our courts have properly exercised the discretion afforded by Evidence Code section 782 'narrowly' [citation], and we emphasize that '[g]reat care must be taken to insure that this exception to the general rule barring evidence of a complaining witness' prior sexual conduct . . . does not impermissibly encroach upon the rule itself and become a "back door" for admitting otherwise inadmissible evidence.' " (*People v. Fontana* (2010) 49 Cal.4th 351, 362-363.)

" 'A trial court's ruling on the admissibility of prior sexual conduct will be overturned on appeal only if appellant can show an abuse of discretion.' " (*People v. Bautista* (2008) 163 Cal.App.4th 762, 782.)

We conclude defendant has failed to demonstrate the trial court abused its discretion in excluding the evidence. "A prior accusation of rape is relevant to the complaining witness's credibility, but only if the accusation is shown to be false." (*People v. Winbush* (2017) 2 Cal.5th 402, 469.) Defendant presented no evidence that G. and L. made a *false* accusation against their great grandfather and made no offer of proof that any witness would so testify. Rather, defense counsel represented that the great grandfather was "still alive" and "still functioning. I have him under subpoena to come here to this court so that he can potentially, if the Court permits, address these allegations against him, because he's never addressed them." Counsel for defendant thus effectively proposed a trial within a trial on whether these accusations were made and whether they were false. "The trial court reasonably concluded this inquiry would consume undue amounts of time." (*Ibid.*)

6

Defendant argues the evidence L. and G. claimed prior sexual abuse by a great grandfather was relevant to explain "their suggestibility." In the trial court, defendant's evidence and argument regarding suggestibility related to the techniques that were used to interview them, not the admissibility of prior claims of sexual abuse. Because defendant did not argue suggestibility as a theory of relevance in the trial court, he cannot argue on appeal that the trial court should have admitted the evidence for this purpose. (Evid. Code, § 354, subd. (a); *People v. Woodward, supra*, 116 Cal.App.4th at p. 832.)

Defendant asserts that L.'s and G.'s claimed sexual abuse was relevant to prove their knowledge of sexual acts. However, this is not a case in which the nature of the victim's allegations and the age of the alleged victim provide "an aura of veracity by [the victim's] accurate description of the acts." (*People v. Daggett* (1990) 225 Cal.App.3d 751, 757 (*Daggett*).) In *Daggett*, the appellate court found error by the trial court in its refusal to conduct a hearing to assess evidence purportedly establishing that the defendant's alleged victim had been molested by older children prior to the defendant's alleged molestation. (*Id.* at pp. 757-758.) The defendant in *Daggett* was accused of sodomizing and orally copulating his former stepson. (*Id.* at pp. 754-755.) The court explained "[a] child's testimony in a molestation case involving oral copulation and sodomy can be given an aura of veracity by his accurate description of the acts. This is because knowledge of such acts may be unexpected in a child who had not been subjected to them. In such a case it is relevant for the defendant to show that the complaining witness had been subjected to similar acts by others in order to cast doubt upon the conclusion that the child must have learned of these acts through the defendant. Thus, if the acts involved in the prior molestation are similar to the acts of which the defendant stands accused, evidence of the prior molestation is relevant to the credibility of the complaining witness and should be admitted." (*Id.* at p. 757.) *Daggett* is inapt because the reasonable inference in that case is not reasonable in this case. There, the victim was 10 years old when he was first molested by the defendant, and 12 years old

7

when he reported the abuse to the police. (*Id*. at p. 754.) Although *Daggett* does not specify the age of the complaining witness at the time of trial, the timing of the events described permits a reasonable inference that he was 12 or 13. Here, G. was 17 at the time of trial and L. was 16; they were two years younger when they first spoke to law enforcement about their allegations against defendant. Knowledge of the acts they described are not unexpected in teenagers of their age. As such, it was not error for the trial court to conclude the alleged prior abuse had minimal relevance that was outweighed by the undue consumption of time and potential prejudice.

Defendant argues the restriction on cross-examination violated his right to confront the witnesses against him, his right to present a defense, and his right to due process and a fair trial. Generally, the application of ordinary rules of evidence such as Evidence Code section 352 does not infringe on the right to present a defense. (*People v. Hall* (1986) 41 Cal.3d 826, 834.) "Although completely excluding evidence of an accused's defense theoretically could rise to this level, excluding defense evidence on a minor or subsidiary point does not impair an accused's due process right to present a defense." (*People v. Fudge* (1994) 7 Cal.4th 1075, 1103.) Indeed, neither the right to a fair trial nor the right to present a defense confer on defendant " 'a constitutional right to present all relevant evidence in his favor, no matter how limited in probative value such evidence will be so as to preclude the trial court from using Evidence Code section 352.' " (*People v. Babbitt* (1988) 45 Cal.3d 660, 684.) Defendant argues he was entitled to impeach G. and L. with testimony regarding the fact they had previously accused their great grandfather of the same conduct "but elected not to pursue prosecution of him." Defendant suggests this testimony would not have resulted in an undue consumption of time because all that was required for impeachment was to ask G. and L. if they had made the prior accusations and why they chose not to prosecute their great grandfather but to "instead come forth with accusations against" defendant. Any probative value that this inquiry had as to G.'s and L.'s credibility was minimal, and its exclusion did not

8

deprive defendant of a meaningful opportunity to present a defense or his right to a fair trial.

Likewise, notwithstanding the confrontation clause, a trial court may restrict cross-examination of a witness based on Evidence Code section 352.  (*People v. Quartermain* (1997) 16 Cal.4th 600, 623.)  "A trial court's limitation on cross-examination pertaining to the credibility of a witness does not violate the confrontation clause unless a reasonable jury might have received a significantly different impression of the witness's credibility had the excluded cross-examination been permitted."  (*Id*. at pp. 623-624.)  We see nothing in this record to indicate the jury received a misleading impression of G.'s or L.'s credibility.  Accordingly, we reject defendant's contention that the exclusion of evidence related to their prior sexual conduct deprived him of his constitutional right to a fair trial, to present a defense, to due process, or to confront witnesses.

B.      *Admission of Evidence of Defendant's Prior Sexual Offense*

Defendant argues the trial court abused its discretion under Evidence Code sections 1108 and 352 when it admitted evidence he had committed an uncharged offense about 48 years earlier.

1.      *Trial Court Proceedings*

Before trial, the prosecution moved, pursuant to Evidence Code section 1108, to admit evidence that defendant committed an uncharged sex offense.  The prosecution explained that T., who was related to defendant, would testify defendant "would make her touch his erect penis until he ejaculated, would insert his fingers into her vagina, and that it happened several times when he was 14 or 15 years old and she was four years old."  Defendant was 62 at the time of trial.  The court requested a copy of T.'s October 2021 statement to the District Attorney investigator.  The court ultimately ruled that T. could testify to the events she described in her statement and this evidence was relevant and should not be excluded under Evidence Code section 352:  "I have carefully considered and weighed the factors relative to determining degree of prejudice and whether it

9

reaches a point of being unduly prejudicial. I find that based on the similarities of the assertions, . . . having to do with the alleged victim in that matter . . . as well as the alleged victims in the current case and the specifics that I referenced generally earlier, that it is, A, relevant and, B, not unduly prejudicial, that also the passage of years between the events relative to the [uncharged] allegations and the current allegations, which, as I recall, is about 48 years, goes to the weight of it and not to whether it is unduly prejudicial, which the Court finds it is not."

2.    *Analysis*

"When a defendant is accused of a sex offense, Evidence Code section 1108 permits the court to admit evidence of the defendant's commission of other sex offenses, thus allowing the jury to learn of the defendant's possible disposition to commit sex crimes. [Citation.] The court has discretion under Evidence Code section 352 to exclude the evidence if it is unduly prejudicial. [Citation.] The evidence is presumed admissible and is to be excluded only if its prejudicial effect substantially outweighs its probative value in showing the defendant's disposition to commit the charged sex offense or other relevant matters." (*People v. Cordova* (2015) 62 Cal.4th 104, 132.) "[T]he court weighs factors such as the 'nature, relevance, and possible remoteness [of the evidence], the degree of certainty of its commission and the likelihood of confusing, misleading, or distracting the jurors from their main inquiry, its similarity to the charged offense, its likely prejudicial impact on the jurors, the burden on the defendant in defending against the uncharged offense, and the availability of less prejudicial alternatives to its outright admission, such as admitting some but not all of the defendant's other sex offenses.' " (*People v. Merriman* (2014) 60 Cal.4th 1, 41.) "The court's ruling admitting the evidence is reviewed for abuse of discretion." (*People v. Cordova, supra*, at p. 132.)

Defendant has failed to identify any basis on which we can conclude the trial court abused its discretion. Defendant notes T. did not testify at trial that defendant put his fingers inside her vagina or that she was repeatedly molested. Defendant also makes

10

other arguments that relate to evidence that was not before the trial court at the time it ruled. "In assessing the trial court's evidentiary ruling, we must consider the facts known to the court at the time the ruling was made." (*People v. Hendrix* (2013) 214 Cal.App.4th 216, 243.) Further, there is a "distinction between admissibility under Evidence Code section 1101[, subdivision] (b), which requires a sufficient degree of similarity between charged and uncharged offenses, and admissibility under Evidence Code section 1108, which does not." (*People v. Merriman, supra*, 60 Cal.4th at p. 41.) Even where previous crimes bear no similarity to the present case, that factor alone is not dispositive. (*People v. Loy* (2011) 52 Cal.4th 46, 63.) However, "uncharged prior offenses that are very similar in nature to the charged crime logically will have more probative value in proving propensity to commit the charged offense." (*People v. Hernandez* (2011) 200 Cal.App.4th 953, 966.) Here the charged and uncharged offenses had significant similarities. All involved allegations by relatives of a similar age at the time of the alleged offense asserting that defendant had put his fingers in their vaginas.

Defendant notes T.'s allegations related to conduct that had occurred 48 years before trial in this matter. "Although [remoteness] is a relevant factor for the court to consider in exercising its discretion [citation], the time gap alone does not compel exclusion of the evidence." (*People v. Cordova, supra*, 62 Cal.4th at p. 133 [prior offenses 13 and 18 years after the charged crime were admissible].) "Numerous cases have upheld admission pursuant to Evidence Code section 1108 of prior sexual crimes that occurred decades before the current offenses." (*People v. Robertson* (2012) 208 Cal.App.4th 965, 992.) "[T]he passage of time generally goes to the weight of the evidence, not its admissibility. [Citation.] Moreover, . . . 'significant similarities between the prior and the charged offenses may "balance[] out the remoteness." ' " (*People v. Hernandez, supra*, 200 Cal.App.4th at p. 968.)

Defendant argues "the trial court should have more seriously considered [his] age." Defendant acknowledges the alleged conduct would have taken place when he was

11

14 or 15. As such, the presumption of incapacity in section 26(One) did not apply and the prosecution was not required to prove "by clear and convincing evidence that defendant appreciated the wrongfulness of the unadjudicated sexual offense offered under [Evidence Code] section 1108." (*People v. Cottone* (2013) 57 Cal.4th 269, 286.) We cannot conclude the trial court failed to adequately evaluate the relevant considerations. Compared to the charged crimes, defendant's conduct with T. was not particularly inflammatory. (See *People v. Loy, supra*, 52 Cal.4th at p. 62.) And there was no indication that the brief testimony on this issue was confusing to the jury or resulted in an undue consumption of time.

Under these circumstances, the trial court did not abuse its discretion in admitting T.'s testimony.

This conclusion also disposes of defendant's derivative due process clause argument. (See *People v. Falsetta* (1999) 21 Cal.4th 903, 917 ["the trial court's discretion to exclude propensity evidence under [Evidence Code] section 352 saves section 1108 from defendant's due process challenge"].) Because the trial court properly weighed the admissibility of his prior uncharged offense under Evidence Code section 352, defendant's due process challenge fails.

C.     *Child Sexual Abuse Accommodation Syndrome*

Defendant argues the trial court abused its discretion in admitting expert testimony regarding CSAAS because it should be inadmissible for all purposes. Specifically, defendant argues we should join other jurisdictions that have held that this evidence is inadmissible for all purposes.

Although defendant attempts to convince us otherwise, our Supreme Court has endorsed the admissibility of CSAAS evidence when used within specified parameters. (*People v. McAlpin* (1991) 53 Cal.3d 1289, 1300-1301 (*McAlpin*).) *McAlpin* "is binding on all lower courts in this state. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57

12

Cal.2d 450, 455.)  That other jurisdictions may disagree with it does not change its impact on California cases." (*People v. Munch* (2020) 52 Cal.App.5th 464, 468.)

Defendant states, "Our Supreme Court has not *directly* held that CSAAS evidence is admissible in California." (Italics added.)  This distinction is unhelpful.  Discussing Court of Appeal cases that had extended to CSAAS testimony the rules established in *People v. Bledsoe* (1984) 36 Cal.3d 236 to govern admission of expert testimony on common stress reactions of rape victims ("rape trauma syndrome"), our Supreme Court in *McAlpin* stated:  "[E]xpert testimony on the common reactions of child molestation victims is not admissible to prove that the complaining witness has in fact been sexually abused; it is admissible to rehabilitate such witness's credibility when the defendant suggests that the child's conduct after the incident—e.g., a delay in reporting—is inconsistent with his or her testimony claiming molestation.  [Citations.]  'Such expert testimony is needed to disabuse jurors of commonly held misconceptions about child sexual abuse, and to explain the emotional antecedents of abused children's seemingly self-impeaching behavior." (*McAlpin, supra*, 53 Cal.3d at pp. 1300-1301, fn. omitted.) *McAlpin* explained that "the foregoing rules" were "equally applicable" to the issue in that case, the admissibility of expert testimony regarding "the failure not of the child victim, but of the child's parent, to report the molestation."  (*Id.* at p. 1301.)  The court considered expert testimony on rape trauma syndrome a "helpful" analogy and expert testimony on CSAAS an "even more direct analogy."  (*Id*. at pp. 1300-1301.)  The same logic would dictate concluding CSAAS testimony is admissible based on *McAlpin*. Indeed, "CSAAS evidence has been admitted by the courts of this state since the 1991 *McAlpin* decision."  (*People v. Munch, supra*, 52 Cal.App.5th at p. 468.)  The California Supreme Court again approved the rules applicable to CSAAS testimony in *People v. Brown* (2004) 33 Cal.4th 892, 906.  We decline defendant's invitation to deviate from *McAlpin* and its progeny.

## III.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

ROBIE, Acting P. J.

/S/

_____

BOULWARE EURIE, J.