[No. B099724. Second Dist., Div. Four. Sept. 12, 1997.]

ANTOINETTE GRASSO et al., Plaintiffs and Appellants, v.
ROBERT T. CROW, Defendant and Respondent.

## COUNSEL

Barton, Klugman & Oetting, Richard F. Oetting, and Margot I. McLeary for Plaintiffs and Appellants.

DiMascio and Berardo and Dianne DiMascio for Defendant and Respondent.

## OPINION

### VOGEL (C. S.), P. J.—

#### INTRODUCTION

Plaintiffs and appellants Antoinette Grasso and Kathleen Grasso appeal from an order denying their motion for attorney fees expended in successfully pursuing their claims against defendant and respondent Robert T. Crow for breach of contract, breach of warranty under California Uniform Commercial Code section 3416,[1] breach of indorser's obligations under section 3415, and money had and received. We disagree with plaintiffs' contention that section 3416 sanctions an award of attorney fees, and we affirm the trial court's order.

---

[1] All further statutory references are to the California Uniform Commercial Code, unless otherwise indicated.

■■■■■■■■■■■■■■■■■■■■■■■■

### Factual and Procedural Background

Defendant received a check in the amount of $84,945.43, which he presented to Uncle Sam's, a check cashing business, in July 1993.[2] It was determined at a court trial on plaintiffs' complaint that defendant caused payment to be stopped on the check even before he presented it to Uncle Sam's, but still received from Uncle Sam's the cash proceeds from the check, less a 7 percent commission. Judgment was awarded to plaintiffs in the amount of $84,945.43, plus 10 percent interest.

The trial court then denied plaintiffs' motion to collect attorney fees, and the plaintiffs filed the present appeal from that order.

### Discussion

Section 3416, subdivision (b),[3] provides that "A person to whom the warranties under subdivision (a) are made and who took the instrument in good faith may recover from the warrantor as damages for breach of warranty an amount equal to the loss suffered as a result of the breach, but not more than the amount of the instrument plus expenses and loss of interest incurred as a result of the breach."

■■■ In this, a case of first impression, plaintiffs argue that the term "expenses . . . incurred as a result of the breach" is broad enough to include attorney fees incurred as a result of a breach of warranty. In support of this contention, plaintiffs cite the official comments accompanying the statute, which provide as follows: "6. Subsection (b) states the measure of damages for breach of warranty. There is no express provision for attorney's fees, but attorney's fees are not meant to be necessarily excluded. They could be granted because they fit within the phrase 'expenses incurred as a result of the breach.' The intention is to leave to other state law the issue as to when attorney's fees are recoverable." (Off. Code com., 23B West's Ann. Cal. U. Com. Code (1997 pocket supp.) foll. § 3416, p. 82.)[4]

We find, however, that the statement "attorney's fees are not meant to be necessarily excluded" does not authorize an award of attorney fees under

---

[2]Uncle Sam's was owned and operated by Salvatore Grasso and Joseph Grasso. Plaintiffs brought this action in their capacity as Salvatore and Joseph's successors in interest.

[3]Section 3416 was added in 1992 pursuant to a revision of the California Uniform Commercial Code.

[4]Section 3417, subdivisions (b) and (d)(2), and section 4207, subdivision (c), also enacted in 1992, and which also deal with breach of warranty but in different contexts, similarly provide that damages may include "expenses . . . resulting from the breach." (Off. Code com., 23B West's Ann. Cal. U. Com. Code, *supra*, foll. § 3417, p. 84.) The official comments to section 3417 also state that, "5. . . . . There is no express provision for attorney's fees, but

section 3416. Code of Civil Procedure section 1021 provides that "Except as attorney's fees are *specifically provided for* by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . ." (Italics added.)

There are many instances within the statutes of this state, including the Uniform Commercial Code, in which the Legislature has specifically provided for an award of attorney fees, by using the term "attorney's fees."[5] In the absence of a specific provision in section 3416 providing for an award of attorney fees as an item of expenses, we decline to expansively interpret the statute as authorizing such an award. Indeed, the statement that "[t]he intention is to leave to other state law the issue as to when attorney's fees are recoverable," (Off. Code com., 23B West's Ann. Cal. U. Com. Code, *supra*, foll. § 3416, p. 82) indicates that the Legislature did not intend to authorize by way of section 3416 itself an award of attorney fees.

We find no other applicable state law which indicates that attorney fees are recoverable in a breach of warranty case such as this one. Plaintiffs cite *Estate of Williamson* (1957) 150 Cal.App.2d 334 [310 P.2d 77], dealing with a provision in former Probate Code section 788 (the predecessor of current California Uniform Commercial Code section 10350), in which the appellate court interpreted the term "expenses" as including attorney fees incurred by the executor of an estate in connection with the resale of estate property necessitated by a purchaser's breach. The court found former Probate Code section 788 to be a "special statutory provision" as that term was then used in Code of Civil Procedure section 1021 (which has since been amended to read as stated above), which allowed for an award of attorney fees. We do not find former Probate Code section 788 to be in any way analogous to the statute before us, and therefore do not find the reasoning of *Estate of Williamson* to be persuasive.[6]

As pointed out by defendant, the parties could have, but did not, contractually agree to the payment of attorney fees in the event of litigation for breach of warranty, but failed to do so. In the absence of a contractual term or a specific statutory provision allowing for an award of attorney fees in an

attorney's fees are not meant to be necessarily excluded," and "could be granted because they fit within the language 'expenses resulting from the breach.'" The official comments to section 4207 state that "[t]he substance of this section is discussed in the Comment to Section 3-416." (Off. Code com., 23B West's Ann. Cal. U. Com. Code, *supra*, foll. § 4207, p. 129.)

[5] See, e.g., sections 5111, subdivision (e), and 11404, subdivision (b).

[6] Nor do we find the case relied upon by plaintiffs, interpreting a Massachusetts statute, *First National Bank of Neenah* v. *Security National Bank of Springfield* (D.Mass. 1981) 32 U.C.C. Rep. Serv. (CBC) 926 [1981 WL 138022], to be of any persuasive value.

action for breach of warranty, the trial court correctly denied plaintiffs' motion for an award of attorney fees.

## DISPOSITION

The challenged order is affirmed.

Epstein, J., and Baron, J., concurred.