Filed 5/24/16

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062858 |
| v. | (Super.Ct.No. SWF10000490) |
| MICHAEL LEE SMITH, | OPINION |
| Defendant and Appellant. | |


APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Reversed with directions.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, and Marvin

E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Michael Lee Smith appeals from the summary denial of his Proposition 47 resentencing petition.  (Pen. Code, § 1170.18.)  Using Riverside County Superior Court's standard petitioning form, Smith sought to have two felony second degree commercial burglary (§ 459)[1] convictions (counts 1, 2) designated as misdemeanor shoplifting (§ 459.5) because "[t]he value of the check or property does not exceed $950.00."  The People responded, also using the standard form, by checking the box conceding Smith "*is entitled* to resentencing" and requesting a hearing to determine "[r]e-sentencing on Ct 2."  The People did not contest the value of the loss in count 1, but did check the box requesting a hearing because the "People do not believe count one is eligible as [the victim] is not a commercial establishment," which is a required element of shoplifting under new section 459.5.  The superior court agreed the victim in count 1 was not a commercial establishment and denied relief, and also summarily denied Smith's petition as to count 2 without explanation.

Smith argues the victim check exchange business is a commercial establishment and there is otherwise insufficient evidence to support the court's denial of his petition as to counts 1 and 2.  We agree.  The People urge us to affirm the ruling on the alternative ground that Smith failed to meet his prima facie burden of showing he was entitled to relief, however, the People conceded that issue in their response.  Because we conclude Smith is otherwise eligible for relief, we reverse the superior court's ruling with

---

[1] Unlabeled statutory citations refer to the Penal Code.

directions to either summarily grant his petition or hold an evidentiary hearing to resolve any material factual issues revealed by the superior court's review of the record of conviction.

# I

## FACTUAL BACKGROUND

The Riverside County District Attorney charged Smith with one felony count of burglary of a Check Exchange located in Hemet, California (§ 459, count 1), one felony count of burglary of a Staples located in Hemet, California (§ 459, count 2), and one felony count of making, passing, uttering, publishing, or possessing counterfeit bills (§ 476, count 3). The information also alleged Smith had six prison priors (§ 667.5, subd. (b)) and three strike priors (§§ 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2)(A)).

In the first burglary count, the prosecution accused "MICHAEL LEE SMITH of a violation of Penal Code section 459, a felony, in that on or about March 8, 2010, in the County of Riverside, State of California, [he] did willfully and unlawfully enter a certain building located at CHECK EXCHANGE, 1015 W. FLORIDA AVE., HEMET, with intent to commit theft and a felony."

In the second burglary count, the prosecution accused "MICHAEL LEE SMITH of a violation of Penal Code section 459, a felony, in that on or about March 8, 2010, in the County of Riverside, State of California, [he] did willfully and unlawfully enter a certain building located at STAPLES, 3381 W. FLORIDA AVE., HEMET, with intent to commit theft and a felony."

In the counterfeiting count, the prosecution accused "MICHAEL LEE SMITH of a violation of Penal Code section 476, a felony, in that on or about March 8, 2010, in the County of Riverside, State of California, [he] did willfully and unlawfully make, pass, utter, publish, or possess, with intent to defraud any other person, a COUNTERFEIT BILLS [*sic*]."

On January 12, 2011, Smith pled guilty to all three counts, six prison priors, and one strike prior. On February 4, 2011, the trial court sentenced Smith to an aggregate term of 13 years 4 months in state prison, including six years for the burglary of the Check Exchange, one year four months for the counterfeiting offense, and a one-year enhancement for each of the six prison priors. The trial court stayed the sentence for the burglary of the Staples under section 654.

On November 4, 2014, the voters of California passed Proposition 47, reducing some felony theft- and forgery-related offenses to misdemeanors when the value of the stolen property does not exceed $950. (E.g., §§ 459.5, subd. (a) [redefining some theft as shoplifting], 490.2, subd. (a) [changing punishment for some theft offenses], 473, subd. (b) [changing punishment for some forgery and counterfeiting offenses].) The initiative also created a resentencing procedure allowing offenders to petition for resentencing if they are "currently serving a sentence for a conviction" for committing a felony and "would have been guilty of a misdemeanor under" the provisions added by Proposition 47. (§ 1170.18, subd. (a).)

On November 19, 2014, Smith submitted a form petition asking the superior court to resentence him on all three counts under section 1170.18, subdivision (a).**2** Smith affirmed the value of the stolen property did not exceed $950. However, he did not attach evidence, a declaration, or include citations to the record of conviction to support the assertion.

On November 26, 2014, the prosecution submitted a form response indicating Smith had "filed a 'Petition for Resentencing' on felony count(s) 1, 2, 3 . . . violation of 459 PC (2ND), 459 PC (2nd), 476 PC pursuant to Penal Code § 1170.18." The prosecution marked the box indicating "[d]efendant is still serving his/her sentence and *is entitled* to resentencing," not the box indicating "[d]efendant is *not entitled* to the relief requested." However, the prosecution requested a hearing in connection with the conviction for burglary of the Check Exchange, stating the "People do not believe count one is eligible as [Check Exchange] is not a commercial establishment." The prosecution's response also indicated the hearing should be set to determine "[r]e-sentencing on Ct 2."

---

**2** Smith mistakenly checked the box for "Penal Code § 476a Writing Bad Checks" instead of the box for section 473, which is the provision setting out punishment for Smith's conviction for violating section 476. The superior court's form did not include section 476 as an option. The prosecution and the superior court correctly disregarded the error.

On January 2, 2015, the superior court entered an order denying Smith's petition. The order indicates the superior court did not hold a hearing on his petition. The order states only that Smith has "476 – counterfeit bills – not qualifying felony; 459-2 – presenting counterfeit bills at 'check exchange.'"[3] The superior court did not mention the conviction for committing the burglary of Staples. The minute order provides no additional explanation of the superior court's ruling.

## II

## DISCUSSION

A.    *Legal Background*

On November 4, 2014, the voters of California enacted "The Safe Neighborhoods and Schools Act" (hereinafter Proposition 47), which became effective the next day. (Cal. Const., art. II, § 10, subd. (a).)  Proposition 47 changed portions of the Penal Code to reduce certain theft-related offenses from felonies or wobblers to misdemeanors, unless the offenses were committed by certain ineligible offenders.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  Proposition 47 directs the "act shall be broadly construed to accomplish its purposes."  (Cal. Voter Information Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, p. 74, § 15, at <http://vig.cdn.sos.ca.gov/2014/general/en/pdf/complete-vigr1.pdf> [as of May 19, 2016].)

---

[3] Smith did not appeal the denial of resentencing on his conviction for making, passing, or possessing counterfeit bills.

6

The interpretation of a statute is subject to de novo review on appeal. (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916.) "In interpreting a voter initiative like [Proposition 47], [the courts] apply the same principles that govern statutory construction." (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) "'The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]'" (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276.) "In determining intent, we look first to the words themselves. [Citations.] When the language is clear and unambiguous, there is no need for construction. [Citations.] When the language is susceptible of more than one reasonable interpretation, however, we look to a variety of extrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part. [Citations.]" (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1007-1008.)

B.     *Petition for Resentencing on Burglary of the Check Exchange*

Smith contends the superior court erred by determining he was not entitled to resentencing on his conviction for burglarizing the Check Exchange under new section 459.5 on the ground that the Check Exchange is not a commercial establishment. We agree.

Proposition 47 added section 459.5 to the Penal Code. The new section provides: "(a) Notwithstanding Section 459 [burglary], shoplifting is defined as entering a

7

commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary." Except in the cases of offenders with specified serious prior convictions, section 459.5 directs "[s]hoplifting *shall* be punished as a *misdemeanor*." (§ 459.5, subd. (a), italics added.) Subdivision (b) further directs "[a]ny act of shoplifting as defined in subdivision (a) *shall* be *charged as shoplifting*" and that "[n]o person who is charged with shoplifting may also be charged with burglary or theft of the same property." (§ 459.5, subd. (b), italics added.) The Legislative Analyst for Proposition 47 explained: "Under current law, shoplifting property worth $950 or less (a type of petty theft) is often a misdemeanor. However, such crimes can also be charged as burglary, which is a wobbler. Under this measure, shoplifting property worth $950 or less would always be a misdemeanor and could not be charged as burglary." (Cal. Voter Information Pamp., Gen. Elec., *supra*, analysis of Prop. 47 by Leg. Analyst, p. 35.)

Under section 459.5, subdivision (a), Smith would be entitled to resentencing for misdemeanor shoplifting if (1) Check Exchange is a commercial establishment, (2) Smith entered Check Exchange with the intent to commit larceny,[4] and (3) the stolen property or counterfeit bills passed did not exceed $950 in value. The superior court held Smith

---

[4] Entry must be "while th[e] establishment is open during regular business hours," (§ 459.5, subd. (a)), but that fact is not in question.

8

was not eligible because the conviction was for "presenting counterfeit bills at 'check exchange.'" The People contend the superior court's "actual reason" for denying the petition "cannot be determined" from this statement. We agree the order is less than clear. However, in the context of the prosecution's objection that Smith was not eligible for resentencing as a legal matter because Check Exchange is not a commercial establishment, we understand the superior court to have ruled on that basis. That conclusion was erroneous.

The People do not defend the position that a check cashing business is not a commercial establishment on appeal. However, we address the issue because it was the basis of the superior court's ruling and the law on the issue is unsettled. Neither Proposition 47 nor the Penal Code defines "commercial establishment." We therefore understand it to have the meaning it bears in ordinary usage. (See *Title Ins. & Trust Co. v. County of Riverside* (1989) 48 Cal.3d 84, 91.) If the language is unambiguous on its face, we interpret it accordingly. If the language is ambiguous, we may consult ballot summaries and other extrinsic materials to aid us in determining the voters' intent. (*People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 571.)

"When attempting to ascertain the ordinary, usual meaning of a word, courts appropriately refer to the dictionary definition of that word." (*Wasatch Property Management v. Degrate* (2005) 35 Cal.4th 1111, 1121-1122.) Black's Law Dictionary defines "establishment" as "[a]n institution or place of business." (Black's Law Dict. (7th ed. 1999) p. 566, col. 2.) It defines "commerce" to mean: "The exchange of goods

9

*and services*." (*Id.* at p. 263, col. 1, italics added.)  Other sources are in accord. (Merriam-Webster.com [defining "commerce" as "activities that relate to the buying and selling of goods and services"]; BusinessDictionary.com [defining "commerce" as the "[e]xchange of goods or services for money or in kind"].)  Thus, we interpret the term "commercial establishment" as it appears in section 459.5, subdivision (a) to mean a place of business established for the purpose of exchanging goods or services.

A check cashing business clearly satisfies this definition.  A person in possession of a check made out in his or her name can endorse the check to the check cashing business and receive the proceeds in cash, less a commission paid to the check cashing business.  The check cashing business then redeems the check from the issuing bank for the full amount of the check.  (See *Grasso v. Crow* (1997) 57 Cal.App.4th 847, 849 [describing a transaction at a check cashing business].)  The Court of Appeal has noted in another context that "the role of check cashing companies in the general American economy has grown tremendously over the past 20 or so years.  They facilitate financial services for large numbers of people who are not now connected to traditional banking institutions." (*HH Computer Systems, Inc. v. Pacific City Bank* (2014) 231 Cal.App.4th 221, 230-231.)  Thus, a business like Check Exchange provides financial services in exchange for fees, and is therefore a commercial establishment within the ordinary meaning of that term.  We conclude, therefore, that the superior court erred in denying Smith's petition for resentencing on the basis that a Check Exchange store is not a commercial establishment under section 459.5, subdivision (a).

10

We are aware it is possible to take a narrower view of the ordinary meaning of "commercial establishment." Specifically, some definitions of "commerce" and "commercial" limit it to "the buying and selling of *goods*." (E.g., American Heritage Dict. (New College ed. 1976) p. 267, italics added.) Under that definition, check cashing businesses would not be commercial establishments because they offer services, not goods or merchandise. At best, this alternative definition creates an ambiguity in the statute. However, as the initiative directs, we construe the act "broadly . . . to accomplish its purposes." (Cal. Voter Information Pamp., Gen. Elec., *supra*, text of Prop. 47, p. 74, § 15; see also *id.* at p. 74, § 18 [act shall be "liberally construed to effectuate its purposes"].) Section 3 of the initiative specifies it was the "purpose and intent of the people of the State of California to:" "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession," and "[a]uthorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors." (*Id.* at p. 70, § 3, subds. (3) & (4).) Adopting the limited definition of "commercial establishment" will frustrate those purposes and result in the continued incarceration of persons who committed petty theft crimes. Accordingly, we construe section 459.5, subdivision (a) broadly to include as shoplifting thefts from commercial ventures, such as check cashing stores, which sell services as well as goods and merchandise.

11

The People contend that "even assuming . . . Check Exchange is a commercial establishment, the trial court properly denied the petition because appellant failed to show that he committed larceny, meaning a trespassory taking." However, section 490a provides that "any law or statute . . . [that] refers to or mentions larceny . . . shall hereafter be read and interpreted as if the word 'theft' were substituted therefor." Section 459.5, subdivision (a), defines shoplifting as "entering a commercial establishment with intent to commit larceny." Thus, entering a commercial establishment with intent to commit theft is shoplifting. The prosecution charged Smith with entering Check Exchange "with intent to commit theft and a felony" and Smith pled guilty to that charge. The People do not contend there was any predicate for Smith's burglary conviction other than the theft crime. It follows that Smith need do no more to establish he entered the Check Exchange with the intent to commit larceny.

We conclude that larceny as the term appears in section 459.5, subdivision (a) includes theft by false pretenses and does not require a trespassory taking. Our Supreme Court has held "[a]n intent to commit theft by a false pretense or a false promise without the intent to perform will support a burglary conviction." (*People v. Parson* (2008) 44 Cal.4th 332, 354.) Voters adopted the phrase "intent to commit larceny" in section 459.5, which mirrors the intent element in the general burglary statute. (§ 459.) Because the voters intended section 459.5 to include theft by false pretenses, entering a check cashing

12

establishment and passing counterfeit bills or notes qualifies as shoplifting under section 459.5.[5]

The People contend we should affirm on the alternative ground that Smith did not meet his burden of proving that "what he took had a value of $950 or less." "'[W]e may affirm a trial court judgment on any [correct] basis presented by the record whether or not relied upon by the trial court. [Citation.]' [Citation.]" (*ASP Properties Group, L.P. v. Fard, Inc.* (2005) 133 Cal.App.4th 1257, 1268.) Had the People contested Smith's assertion that the value of the loss did not exceed $950 in their response, we could affirm on this basis. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 140 (*Perkins*).) This is because merely affirming that the value of the theft did not exceed $950 is nothing more than a conclusory allegation made without any explanation for its basis and does not meet the petitioner's burden to establish a prima facie case for eligibility. (*Ibid*.; see also *People v. Duvall* (1995) 9 Cal.4th 464, 474 (*Duvall*) [in analogous setting of pleading in habeas context].) The People did not contest Smith's allegation about the value of the loss, however; they conceded it.

In the context of a petition for habeas corpus, where the People's response to a petition admits or effectively concedes facts supporting a petitioner's entitlement to relief

---

[5] Some courts have reached the contrary conclusion that shoplifting under section 459.5 requires a taking without the property owner's consent on the basis of the discussion of robbery (§ 211) in *People v. Williams* (2013) 57 Cal.4th 776. (E.g., *People v. Gonzales* (2015) 242 Cal.App.4th 35 (review granted Feb. 17, 2016, S231171).) We conclude that neither *Williams* nor section 211, which does not contain the term "larceny," governs the meaning of that term in the new shoplifting statute.

by failing to contest them, the court may consider those facts as no longer at issue and can grant relief without an evidentiary hearing. (*In re Sixto* (1989) 259 Cal.3d 1247, 1252 [When the People's response "effectively *admits the material factual allegations* of the petition and traverse *by not disputing them*, we may resolve the issue without ordering an evidentiary hearing"], italics added.) In the face of such a concession or "narrowing" of issues, a superior court is authorized, but not required, to summarily grant a petition. (*Duvall*, *supra*, 9 Cal.4th at p. 477.) Smith alleged in his petition that the amount of loss did not exceed $950. By signing and filing a response that did not contest that allegation, the district attorney conceded the factual issue of the amount of loss and conveyed to the superior court that there were no disputed material facts related to the value of the property.

The procedure of treating the petition and response as defining and narrowing the issues "provide[s] a framework in which a court can discover the truth and do justice in timely fashion." (*Duvall*, *supra*, 9 Cal.4th at p. 477.) We hold the same principles govern petitions for relief under section 1170.18, and therefore conclude Smith's petition and the People's response, taken together, demonstrate Smith has met his prima facie burden. Moreover, the People are bound by their concession. (See *People v. Mendez* (1991) 234 Cal.App.3d 1773, 1783 [stating the general rule that "[t]he People are ordinarily bound by their stipulations, concessions or representations"].) Thus, when a petitioner alleges he is entitled to resentencing because his offense involves an amount of

14

loss less than $950 and the People do not contest that allegation, the People cannot argue on appeal that the petitioner has not met his prima facie burden.

Unlike the People, the superior court is not bound by the People's representation that a petitioner is entitled to resentencing. (See *People v. Alvarado* (1982) 133 Cal.App.3d 1003, 1021 [appellate court is not bound by the People's concession that reversible error occurred at trial].) Where the People concede a factual issue related to eligibility, the superior court may, as the fact finder, make rulings based on evidence in the record and hold hearings to resolve factual disputes or otherwise discover facts. As a result, the proper remedy in this case is to reverse the order denying relief and remand for the superior court to exercise its discretion whether to accept the people's concession or determine whether the record of conviction warrants holding a hearing on the value of the theft despite the parties' agreement on that issue. (See § 1170.18, subd. (b) ["Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a)"]; *People v. Contreras* (2015) 237 Cal.App.4th 868, 892 [whether "the value of the property defendant stole disqualifies him from resentencing under sections 459.5 and 1170.18 . . . is a factual finding that must be made by the trial court in the first instance"].)

If on remand the superior court finds there is a material factual issue regarding the amount of loss, the court may hold an evidentiary hearing to resolve that issue. If the superior court determines a hearing is necessary, it shall permit Smith to supplement the record by submitting evidence related to the value of any stolen property or counterfeit

15

bills connected with his conviction. Such evidence may include his own testimony, "court documents, record citations, or other probative evidence showing he is eligible for relief." (*Perkins*, *supra*, 244 Cal.App.4th at p. 140.)

C. *Petition for Resentencing on the Burglary of Staples*

Smith contends the superior court erred in denying his petition for resentencing on his conviction for the burglary of Staples (count 2). It is unclear on the record before us whether the superior court even considered Smith's eligibility for resentencing on that conviction. The superior court did not mention count 2 in its order, and the minute order indicates simply that the superior court denied the entire petition without differentiating the three convictions. However, the prosecution conceded Smith was eligible on count 2. Its response to the petition indicated Smith "*is entitled* to resentencing" and requested a hearing to determine "[r]e-sentencing on Ct. 2."

The People ask that we affirm the superior court order on the ground Smith did not carry his burden of proving the theft was valued at less than $950. However, as we discussed above, the prosecution's concession of Smith's eligibility forecloses that possibility. The concession is binding on the People. (*People v. Mendez*, *supra*, 234 Cal.App.3d at p. 1783) Indeed, the concession is stronger as to count 2 because it was explicit. Smith's petition alleges "[t]he value of the check or property does not exceed $950.00." In its response to Smith's petition for resentencing, the prosecution conceded Smith "*is entitled* to resentencing" and requested a resentencing hearing. These representations conveyed to the superior court that there were no disputed material facts.

16

As a result, the superior court was entitled to consider those facts as no longer at issue and grant relief without an evidentiary hearing. (*Duvall*, *supra*, 9 Cal.4th at p. 477.) However, in the face of those representations, the superior court was *not* entitled to summarily dismiss the petition on the ground that Smith's pleading was insufficient.

Thus, we hold the record on appeal does not support affirming the superior court on the ground that Smith failed to carry his burden of proof as to the value of the stolen property. As a result, and in combination with our conclusion that Smith's conviction for burglarizing Staples is a qualifying conviction, and would constitute shoplifting under new section 459.5, subdivision (a), provided the value of the stolen property did not exceed $950, we reverse the denial of Smith's petition for resentencing on count 2, and remand for further proceedings.

On remand, the superior court may accept the concession and resentence Smith or, if the record of conviction shows there is a material factual issue about the amount of loss (or some other factual issue, like whether Staples was open for business at the time of the offense), may set a hearing and permit Smith to supplement the record with evidence related to the value of the loss.**6**

---

**6** The superior court also denied Smith's petition for resentencing on his section 476 conviction (count 3) on the ground passing a counterfeit bill is not a qualifying felony. Smith has not appealed that decision, so we do not reach it. However, we note Proposition 47 amended section 473, under which Smith was sentenced for violating section 476, to provide "any person who is guilty of forgery relating to a . . . *bank bill*, [*or*] *note* . . . where the value of the . . . *bank bill*, [*or*] *note* . . . does not exceed nine hundred fifty dollars ($950), *shall* be punishable by imprisonment in a county jail for not more than one year." (Italics added.) Since the superior court refused Smith's request

*[footnote continued on next page]*

## III

## DISPOSITION

We reverse the order denying Smith's petition for resentencing on counts 1 and 2 and remand for further proceedings consistent with this opinion.  On remand, the court may grant the petition based on the People's concessions or it may hold a hearing to resolve any material factual issues affecting his eligibility.

CERTIFIED FOR PUBLICATION

SLOUGH
                                                                                                          J.

We concur:


HOLLENHORST
          Acting P. J.


MILLER
                    J.

---

*[footnote continued from previous page]*
*[footnote continued from previous page]*
*[footnote continued from previous page]*
for resentencing, the Third Appellate District has concluded passing a counterfeit bill is a qualifying conviction.  (*People v. Valencia* (2016) 245 Cal.App.4th 730, 734.)