Filed 3/18/21  P. v. Castrejon CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E069770 |
| v. | (Super. Ct. No. INF1300585) |
| JOEL CASTRO CASTREJON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Anthony R. Villalobos, Judge.  Affirmed.

Ferrentino & Associates and Correen Ferrentino, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Scott C. Taylor and Alana Cohen Butler, Deputy Attorneys General, for Plaintiff and Respondent.

1

I.

INTRODUCTION

A jury convicted defendant and appellant, Joel Castrejon, of multiple sex offenses against his sister-in-law, Jane Doe, when she was between the ages of 10 and 13. (Pen. Code, § 288, subd. (a)[1]; counts 1 & 8; § 288, subd. (b)(1); counts 2 & 5; § 269, subd. (a)(5); counts 3 & 6; § 269, subd. (a)(4); counts 4 & 7; § 289, subd. (j) count 9; § 288a, subd. (c)(1); count 10.) The trial court sentenced him to 24 years, plus 30 years to life.

On appeal, defendant contends the trial court prejudicially erred by excluding evidence that (1) Jane Doe falsely accused her cousin, I., of inappropriate sexual conduct, (2) Jane Doe intended to report defendant's abuse when she reported I.'s abuse, but instead reported only I.'s abuse, and (3) Jane Doe received text messages of a sexual nature from her boyfriend within a year before she reported defendant's abuse. Defendant also contends the trial court impermissibly imposed $700 in assessments and a $300 restitution fine without considering his ability to pay them. We reject defendant's arguments and affirm the judgment.

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

II.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was married to A.C., one of Jane Doe's three older sisters. When Jane Doe was about 10 years old, defendant began molesting her. The abuse continued over the years, and progressively became more forceful.[2]

Jane Doe was 12 or 13 years old when defendant abused her for the last time. About a month later, Jane Doe disclosed the abuse to her mother. Jane Doe's mother called the sheriff's department to report the abuse. An investigator came to their home to assist Jane Doe's mother with a controlled call to confront defendant about Jane Doe's allegations. During the call, defendant initially denied having done anything to Jane and suggested that she was making up the allegations. However, defendant then said he was "willin' to go through whatever we gotta go through to . . . take care of it" and that he did not want to lose his family. Defendant apologized to Jane Doe's mother that she "had to go through this" and said, "this will never, ever happen again." Defendant was arrested shortly thereafter.

---

[2] Because the nature of defendant's abuse is not relevant to the issues on appeal, we do not discuss it in detail.

III.

DISCUSSION

A. *Prior False Report*

Defendant asserts the trial court prejudicially erred by excluding evidence that Jane Doe falsely accused her cousin, I., of molesting her. We disagree.

1. *Additional background*

Before trial, defendant moved to introduce several pieces of evidence under Evidence Code section 782, including evidence that Jane Doe allegedly falsely reported that I. molested her.

Jane Doe's sister, A.C., testified at the hearing on the motion. According to A.C., about a year before Jane Doe told her about defendant's abuse, when Jane Doe was 12 or 13 years old, Jane Doe told her that I., who is about five years older than Jane Doe, had touched her breasts and sometimes tried to touch her butt, though she did not specify when. Jane Doe told A.C. that she did not tell I. to stop and that she did not know why he was doing it. A.C. did not report Jane Doe's allegations because Jane Doe and I. "were kids, and they didn't know what they were doing." A.C. attributed the incident to Jane Doe's and I.'s hormones "going crazy."

Jane Doe also testified at the hearing. According to Jane Doe, she told A.C. and one of her other sisters about I.'s conduct when she was 12 or 13, but the incident occurred when she was about eight years old. Jane Doe explained that although I. tried to

4

kiss her, he did not touch her body. Jane Doe denied saying that I. tried to touch her breasts or butt.

Defendant moved to include evidence of Jane Doe's allegations against I. under Evidence Code section 782. Defendant argued Jane Doe's allegations against I. were false and were therefore admissible to impeach her credibility. The trial court denied the request, reasoning that I.'s alleged conduct was not sufficiently similar to defendant's abuse of Jane. The trial court explained that Jane Doe accused defendant of multiple instances of serious sexual abuse. On the other hand, Jane Doe denied I. did anything more than try to kiss her.

   2.  *Applicable Law and Standard of Review*

Generally, a victim of sexual assault may not be questioned about specific instances of his or her prior sexual activity. (Evid. Code, § 1103, subd. (c); *People v. Woodward* (2004) 116 Cal.App.4th 821, 831.) Evidence Code section 782 provides a limited exception to that general rule, and allows evidence of prior sexual conduct if it is "offered to attack the credibility of the complaining witness." (Evid. Code, § 782, subd. (a); *People v. Daggett* (1990) 225 Cal.App.3d 751, 757 [explaining that a motion to include evidence under Evidence Code section 782 requires "an offer of proof of the relevancy of the evidence of sexual conduct"]; accord, *People v. Bautista* (2008) 163 Cal.App.4th 762, 781-782.) We review the trial court's decision to admit or exclude evidence under Evidence Code section 782 for an abuse of discretion. (*People v. Bautista*, *supra*, at p. 782.)

3. *Analysis*

We conclude the trial court did not abuse its discretion by excluding evidence of I.'s alleged inappropriate conduct with Jane Doe. To begin with, defendant moved to include the evidence under Evidence Code section 782, but that provision was inapplicable. Under certain circumstances, Evidence Code section 782 allows the introduction of evidence about a victim's prior sexual conduct if the fact that the victim engaged in the sexual conduct is relevant. (See *People v. Daggett*, *supra*, 225 Cal.App.3d at p. 757; accord, *People v. Bautista*, *supra*, 163 Cal.App.4th at p. 781 [Evidence Code section 782 allows admission of the victim's prior sexual activity if it "is relevant to the victim's credibility"].) Here, however, defendant has never argued that I.'s alleged sexual conduct, or Jane Doe's involvement in it, was relevant. Instead, defendant contends Jane Doe's allegedly false report about I.'s behavior was relevant. As defendant acknowledges in his opening brief, Evidence Code section 782 "says nothing about impeaching [a] complaining witness with prior false statements."

Defendant also concedes (and we agree) that the "sexual conduct" as contemplated by Evidence Code section 782 "does not apply to th[e] conduct attributed to Jane Doe." Accordingly, Evidence Code section 782 did not apply. The trial court therefore did not abuse its discretion by denying defendant's motion under Evidence Code section 782 to admit evidence of Jane Doe's allegations about I.'s conduct.[3]

---

[3] For this reason, we need not address defendant's argument that the trial court erred by finding that I.'s conduct fell within the meaning of "sexual conduct" under

*[footnote continued on next page]*

6

Although the People did not argue the point in the trial court, evidence of Jane Doe's allegedly false report about I.'s conduct was not admissible for the additional reason that Jane Doe's allegations were never proven false. (See *People v. Smith* (2016) 1 Cal.App.5th 266, 275 [appellate court may affirm on any basis supported by the record].) Evidence that a witness made a prior false report of sexual abuse does not reflect on the witness's credibility "unless proven to be false." (*People v. Miranda* (2011) 199 Cal.App.4th 1403, 1424; accord, *People v. Tidwell* (2008) 163 Cal.App.4th 1447, 1457 ["a prior complaint not proven to be false has no . . . bearing" on the complainant's credibility]; see also *People v. Mestas* (2013) 217 Cal.App.4th 1509, 1518 ["The purpose of an Evidence Code section 782 hearing is to establish the truth and probative value of the offer of proof, not to allow a fishing expedition based on sketchy and unconfirmed allegations."].) This is because "[t]he value of the evidence as impeachment depends upon proof that the prior charges were false." (*People v. Tidwell*, *supra*, at p. 1458.)

Thus, Jane's allegations about I. would only be relevant if false. (*People v. Tidwell*, *supra*, 163 Cal.App.4th at p. 1458.) However, no clear showing of falsity was made. (*Ibid.*) Because there was no "conclusive evidence" that Jane Doe falsely accused I., the trial court rightly excluded evidence of her allegations about I.'s conduct. (*Id*. at p. 1458.)

---

Evidence Code section 782. Even if it did, the trial court properly excluded it because the conduct itself was not relevant to Jane Doe's credibility.

B. *Evidence that Jane Doe Intended to Report Defendant's Conduct When She Reported I.'s Conduct*

At the hearing on defendant's Evidence Code section 782 motion, Jane Doe testified that she reported I.'s conduct in response to A.C.'s asking her if someone was touching her. When they asked who was touching her, she told them I. was, "because [she] didn't want to say [defendant]" was. Jane Doe explained that she was "originally going to tell them that it was [defendant] that was touching me, but [she] decided that [she] did not want to come out yet, so [she] said [I.] was, because that was the only other incident where a family member was touching [her] or kissing [her]."

Defendant later moved to include this aspect of Jane Doe's testimony. Defendant interpreted Jane Doe as testifying that her allegations about I. were about defendant, but she accused I. instead. Defendant therefore argued Jane Doe's testimony was relevant to her credibility because she falsely alleged I. touched her. The trial court disagreed, and excluded Jane Doe's testimony.

The trial court did not abuse its discretion by doing so. We agree with the trial court that defendant's argument rests on an inaccurate understanding of Jane Doe's testimony. As the trial court correctly explained, Jane did not state that her allegations about I. were about defendant. Rather, she unambiguously testified that when A.C. asked her if anyone was touching her, she initially planned to report that defendant abused her, but she decided to report only I.'s conduct. Jane Doe's testimony therefore did not suggest she falsely accused I. and therefore it did not affect her credibility. Because

8

defendant only argued Jane Doe's testimony was relevant to impeach her credibility, the trial court did not abuse its discretion by excluding it. (Evid. Code, § 350 [only relevant evidence is admissible].)

C. *Text Messages*

At some point within a year before Jane Doe reported defendant's abuse, she got in trouble with her sisters for having received text messages of a sexual nature from her boyfriend. Defendant moved to include evidence about the text messages, arguing that it was relevant because it showed Jane Doe had a motive to fabricate allegations about defendant "to divert attention" from the text messages. The trial court excluded the evidence.

The trial court did not abuse its discretion by doing so. For one thing, it is unclear when Jane Doe received the text messages. Jane Doe and A.C. could only recall that Jane Doe received the messages within about a year of Jane Doe reporting defendant's abuse, and defendant provided no evidence of a temporal connection between the incidents. More to the point, there is no evidence in the record beyond defendant's unsupported speculation that Jane Doe accused defendant of his abuse because she got in trouble for the text messages. The "'exclusion of evidence that produces only speculative inferences is not an abuse of discretion.'" (*People v. Cornwell* (2005) 37 Cal.4th 50, 81.) The trial court did not err in excluding evidence about the text messages from Jane Doe's boyfriend.

9

D. *Harmless Error*

Even if the trial court erred by excluding the evidence outlined above, any resulting error was harmless. Reversal is not required unless it is reasonably probable defendant would have received a more favorable outcome had the excluded evidence been admitted. (*People v. Aranda* (2012) 55 Cal.4th 342, 354.)

At the outset, we reject defendant's argument that the exclusion of the evidence violated his federal constitutional rights. "[T]he routine application of provisions of the state Evidence Code law does not implicate a defendant's constitutional rights." (*People v. Jones* (2013) 57 Cal.4th 899, 957.) "[O]nly evidentiary error amounting to a *complete preclusion* of a defense violates a defendant's federal constitutional right to present a defense." (*People v. Bacon* (2010) 50 Cal.4th 1082, 1104, fn. 4, italics added.) That did not occur here. At worst, the trial court only excluded some evidence tenuously related to Jane Doe's credibility, which did not preclude defendant from asserting a defense. "Because the trial court merely rejected some evidence concerning" defendant's defense, the trial court did not violate defendant's federal constitutional rights. (*People v. McNeal* (2009) 46 Cal.4th 1183, 1203.)

Regardless, we conclude it is not reasonably probable that defendant would have received a more favorable outcome had the trial court admitted the evidence he contends was erroneously excluded. Had the evidence been admitted, it likely would have had little, if any, effect on Jane Doe's credibility. As to her allegations about I., they were never confirmed to be false, so evidence about them had "no . . . bearing on her

10

credibility." (*People v. Tidwell*, *supra*, 163 Cal.App.4th at p. 1457.) Similarly, the fact that she intended to report I.'s conduct when she reported defendant's abuse, but reported only I.'s conduct, had nothing to do with her credibility. Contrary to defendant's argument, Jane Doe did not testify that her allegations about I. were about defendant. Jane Doe simply testified that she initially planned to report defendant's abuse, but then decided to report only I.'s behavior.

As to the text messages, nothing in the record supports defendant's speculation that Jane Doe lied about defendant's abuse to divert her family's attention from her boyfriend's text messages. Defendant offered no proof to link Jane Doe's reporting his abuse to the text messages she received upwards of a year earlier. Accordingly, had the trial court admitted evidence about the text messages, it is not reasonably probable that Jane Doe's credibility would have been impeached so that defendant would have received a more favorable outcome.

Finally, the evidence of defendant's guilt was strong. In particular, defendant's statements to Jane Doe's mother during the pretext call were highly inculpatory. Although defendant initially denied Jane Doe's allegations, he later apologized for putting Jane Doe's mother "through this," stated he was "willing to go through whatever" was necessary, and that "this will never, ever happen again."

We therefore conclude the trial court's challenged evidentiary rulings, even if erroneous, were harmless.

11

E. *Fine and Assessments*

The trial court imposed a $300 restitution fine (§ 1202.4.), a $400 court operations assessment (§ 1465.8), and a $300 criminal conviction assessment (Gov. Code, § 70373). Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant asserts the trial court prejudicially erred in imposing the fine and assessments without determining his ability to pay them.

As to the $700 in assessments, because the trial court did not determine whether defendant could pay them, "[u]nder *Dueñas*, this was error, and we must remand for an ability to pay hearing unless the error was harmless." (*People v. Taylor* (2019) 43 Cal.App.5th 390, 401.) We assume without deciding that the trial court impermissibly imposed the $300 restitution fine without determining defendant's ability to pay because we conclude the error, if any, was harmless.

"'[E]very able-bodied' prisoner is required to work. (§ 2700; Cal. Code Regs., tit. 15, § 3040, subd. (a).) A prisoner's assignment to a paid position 'is a privilege' that depends on 'available funding, job performance, seniority and conduct.' (Cal. Code Regs., tit. 15, § 3040, subd. (k); accord, *People v. Rodriguez* (2019) 34 Cal.App.5th 641, 649.) Wages in prison range from $12 to $56 per month, depending on the job and skill level involved. (Cal. Code Regs., tit. 15, § 3041.2, subd. (a)(1).) Fifty percent of [defendant's] wages and trust account deposits will be deducted to pay any outstanding restitution fine, plus another 5 percent for the administrative costs of this deduction.

(§ 2085.5, subds. (a), (e); Cal. Code Regs., tit. 15, § 3097, subd. (f).)" (*People v. Taylor*, *supra*, 43 Cal.App.5th at p. 402.)

Nothing in the record suggests defendant will be unable to work while serving his sentence. Defendant was arrested about a month before his 30th birthday. At the time, he was earning about $2,800 per month as a "Landscape Supervisor" and his wife was earning about $1,100 per month. At the time of his sentencing, defendant reported that he was not taking any medications, he was in "fine" physical health, and was in "good" mental health with no handicaps or ailments.

We assume defendant will obtain a prison job paying the minimum of $12 per hour. At that rate, defendant will pay off the $1,000 in restitution and assessments in about seven years into his 50-plus year prison sentence. Because defendant is young (37 years old) and in good health, he "will have sufficient time to earn these amounts during his sentence, even assuming [he] earns nothing more than the minimum." (*People v. Jones* (2019) 36 Cal.App.5th 1028, 1035; see also *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505 [defendant sentenced to prison did not show absolute inability to pay $10,000 restitution fine even though prison wages would make it difficult for him to pay the fine, it would take a very long time, and the fine might never be paid].) Accordingly, "even if we were to assume [defendant] is correct that he suffered a due process violation when the court imposed this rather modest financial burden on him without taking his ability to pay into account, we conclude that, on this record, because he has ample time to pay it from a readily available source of income while incarcerated,

the error is harmless beyond a reasonable doubt." (*People v. Johnson* (2019) 35

Cal.App.5th 134, 139-140; accord, *People v. Jones*, *supra*, 36 Cal.App.5th at p. 1035.)

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
Acting P. J.

We concur:

SLOUGH
J.

FIELDS
J.